**No. 61961.**—Dolliff & McGrath v. United States, protests 267851–K and 267852–K (Boston).

FORD, Judge: The merchandise the subject of the two suits listed above was classified by the collector of customs at Boston as "Filaments of Rayon, not over 32″ in length," and duty was levied thereon at the rate of 20 per centum ad valorem under paragraph 1302 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiff claims said merchandise to be properly dutiable at 5 per centum ad valorem under said paragraph 1302, as modified, *supra*, as waste of rayon or other synthetic textile, except waste wholly or in chief value of cellulose acetate.

It was agreed between counsel at the trial of this case that the subject merchandise is a viscose product and not cellulose acetate.

Paragraph 1302 of the Tariff Act of 1930, as modified, *supra*, reads as follows:

Waste of rayon or other synthetic textile, except waste wholly or in chief value of cellulose acetate_____ 5% ad val.

Filaments of rayon or other synthetic textile, not exceeding thirty inches in length, other than waste, whether known as cut fiber, staple fiber, or by any other name_____ 20% ad val.

At the trial of this case, plaintiff offered the testimony of four witnesses, and, in addition, the record in *A. L. Erlanger Co., Inc.* v. *United States*, 35 Cust. Ct. 189, C. D. 1742, was admitted in evidence as a part of the record in this case. Three samples of the subject merchandise were admitted in evidence and marked exhibits 1, 5, and 6. Other documentary exhibits were also admitted in evidence, but we find it unnecessary to refer to them in detail in disposing of this case.

One witness testified for the plaintiff that rayon staple fiber must be uniform in length, color, and denier; that the subject merchandise was not uniform in length, color, or denier; that some of the instant merchandise "was so long it might ruin the machine, so we run it through a cutter to make it right, or make something else." He characterized the subject merchandise "as a conglomeration thrown together from various lots of merchandise."

Another witness testified for the plaintiff that rayon staple fiber is always sold with definite specifications as to denier, length of staple, luster, and with a dye code index. After examining the samples in evidence, the witness stated that the instant merchandise would not be a good delivery for rayon staple fiber; that it was matted, off in color, and varied in denier and staple; that it is rayon staple

fiber waste and is a conglomeration of all the mistakes that have been made in making rayon staple fiber.

Another witness testified for the plaintiff that rayon staple fiber must have absolute uniformity with respect to length of fiber, denier, tensile strength, and color, and carry a definite dye affinity or index. After examining the sample in evidence, the witness pointed out many variations therein as to staple length, denier, color; that it was a mixture of many things; that it was rayon waste; and that none of it would be a good delivery for rayon staple fiber.

The above testimony stands without contradiction, since the defendant did not offer any testimony, and is sufficient to bring this case well within our holding in the *Erlanger* case, *supra*.

In *Patton* v. *United States*, 159 U. S. 500, in dealing with a similar question, the Supreme Court of the United States said:

\* \* \* The prominent characteristic running through all these definitions is that of refuse, or material that is not susceptible of being used for the ordinary purposes of manufacture. It does not presuppose that the article is absolutely worthless, but that it is unmerchantable and used for purposes for which merchantable material of the same class is unsuitable.

\*     \*     \*     \*     \*     \*     \*

\* \* \* Waste in its ordinary sense being merely refuse thrown off in the process of converting raw wool into a manufacture of wool, cannot be considered a manufacture simply because it acquires a new designation, and if it be artificially produced by the breaking up of the tops it is with even less reason entitled to be so considered. Unless natural waste can be treated as a manufacture, artificial waste should not.

Based upon a consideration of this entire record and authorities set out herein, and also in the *Erlanger* case, *supra,* we are of opinion that the involved merchandise does not fall within the provision for "Filaments of rayon or other synthetic textile, not exceeding thirty inches in length, other than waste, whether known as cut fiber, staple fiber, or by any other name." The evidence, in our opinion, brings the subject merchandise squarely within the provision in said trade agreement, *supra,* for "Waste of rayon or other synthetic textile," and is dutiable at 5 per centum ad valorem under said paragraph 1302, and we so hold. Judgment will be rendered accordingly.