(C.D. 2798)

F. W. MYERS & Co., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 24, 1966)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*J. William Doolittle*, Acting Assistant Attorney General (*Richard J. Kaplan* and *Arthur H. Steinberg*, trial attorneys), for the defendant.

Ford, Judge: The merchandise, the subject of these two consolidated protests, was classified by the collector as "other synthetic textile filament not over 30 inches long" under paragraph 1302, Tariff Act of 1930, as modified by T.D. 52739. Plaintiff claims the merchandise is properly classifiable under paragraph 1302, as modified by T.D. 51802, as "waste of rayon or other synthetic textile, except waste wholly or in chief value of cellulose acetate."

Other claims in plantiff's protests, although not formally abandoned, were neither stressed at the trial nor argued in the brief and are deemed abandoned.

Protest 63/981 filed against entry 3336 covers 8 bales, and protest 63/982 against entry 4024 covers 15 bales, of the fiber described on the invoices as "Synthetic Fibre Waste."

The relevant portions of the statutes involved are as follows:

Paragraph 1302, Tariff Act of 1930, as modified by T.D. 52739:

Filaments of rayon or other synthetic textile, not over 30
 inches long, other than waste, whether known as cut
 fiber, staple fiber, or by any other name_____ 15% ad val.

Paragraph 1302, Tariff Act of 1930, as modified by T.D. 51802:

Waste of rayon or other synthetic textile, except waste
 wholly or in chief value of cellulose acetate_____ 5% ad val.

The record consists of four exhibits, three of which were introduced into evidence by plaintiff, and the oral testimony of two witnesses called by plaintiff, Mr. Leonard Mandelcorn, president of the exporter, Lenco Fibre Corp., Montreal, and Mr. George W. Hepworth sole stockholder and chairman of the board of George W. Hepworth & Co., the consignee of the subject merchandise.

The ultimate issue presented for determination is, of course, whether plaintiff's evidence brings the involved merchandise within the subject "waste" provision. Plaintiff's evidence, accordingly, was directed toward establishing that the 23 bales had the essential characteristics of a "waste" product and also came into being during the manufacturing process in a manner which, plaintiff contends, coincides with the method of production of other merchandise previously held by this court to be classifiable as "waste." *A. L. Erlanger Co., Inc.* v. *United States*, 35 Cust. Ct. 189, C.D. 1742; *Dolliff & McGrath* v. *United States*, 40 Cust. Ct. 560, Abstract 61961.

Classification by the collector of customs carries with it a presumption of correctness. This presumption imposes a twofold burden upon plaintiff. First, it must establish that the classification was incorrect and further establish what the proper classification should be. *United States* v. *G Klein & Son*, 42 CCPA 73, C.A.D. 574.

Whether plaintiff's evidence was sufficient to show that some part of the merchandise was "waste" is not here considered. Suffice it to say that the testimony of one of plaintiff's own witnesses establishes that not all of the 23 bales contained waste.

After stating, upon cross-examination, that he had examined all of the bales covered by the subject entries, Mr. Hepworth was asked:

Q. To the best of your recollection, were there any bales which contained only staple fibre?—A. Yes.

Q. There were bales which contained only fibres?—A. Yes.

These monosyllabic answers understandably were not pursued by Government counsel nor were they explained or contradicted by any other testimony of the witness. The record is otherwise silent as to the number of bales which, according to the quoted testimony, contained staple fiber as opposed to those containing waste. Parenthetically, it should be noted that plaintiff, in its brief, referring to Mr. Hepworth's testimony, states that "at least one bale" contained only staple fiber.

Assuming, without deciding, that some of the bales contained "waste," we are, therefore, confronted with a record which, viewed most favorably to plaintiff, shows that the merchandise in question consisted of two classes of merchandise, i.e., synthetic textile waste and staple fiber. Accordingly, inasmuch as there is nothing in the record to show the number of bales in each such class included in the shipments under consideration, plaintiff has failed to overcome the presumption of correctness attaching to the action of the collector. The protests are accordingly overruled.

Judgment will be rendered accordingly.